## PEERLESS SALES CO et al. v. INDUSTRIAL COMMISSION et al.

No. 6726. Decided December 28, 1944. (154 P. 2d 644.)

See 71 C. J. Workmen's Compensation, Sec. 546.

*F. A. Trottier,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Marl D. Gibson,* of Price, for defendants.

TURNER, Justice.

Certiorari to the Industrial Commission of Utah to review its order awarding to the defendant William Morrison 150 weeks' compensation for permanent partial disability, in addition to the compensation theretofore paid him for temporary total disability. The case was submitted to the Commission on the following stipulation of facts:

"* * * 2. William Morrison, the Applicant, who resides at Helper, Utah, was an employee of the defendant, Peerless Sales Company, on February 2, 1938, at that company's coal mine at Peerless, Carbon County, Utah, and was at that time thirty-seven years of age. On said date the workmen's compensation insurance of said employer, Peerless Sales Company, was carried by the State Insurance Fund.

"3. About 10:00 a. m. on February 2, 1938, while in the course of his employment as above mentioned, Applicant stepped on a rock which caused him to twist his left leg under him. This accident caused a synovitis in his left knee joint and required treatment by several different doctors from that date for several years thereafter. As a result of the above mentioned accidental injury, Applicant, William Morrison, became totally disabled from work for the period from February 20, 1938 until August 11, 1943.

"4. As a result of the above mentioned accidental injury received by the Applicant on February 2, 1938, his condition became fixed as of August 11, 1943, such condition being a complete ankylosis of his left knee joint.

"5. At the time of receiving his aforementioned accidental injury, applicant was earning a wage sufficient to entitle him to compensation at the rate of $16.00 per week for periods of disability resulting therefrom. He was a married man with no minor children dependent upon him.

"6. The State Insurance Fund has paid William Morrison, the applicant, compensation at the rate of $16.00 per week for the entire period from February 20, 1938 to August 11, 1943, inclusive. The State Insurance Fund has also paid him compensation for his permanent disability at the rate of $16.00 per week for the period from August 12, 1943 to February 1, 1944, inclusive. The State Insurance Fund has also paid for the medical and hospital treatment of said applicant on account of said accidental injury the total amount of $4,377.91.

"7. Several years prior to February 2, 1938, William Morrison suffered an accidental injury which resulted in a complete ankylosis

and stiffness of his right knee joint, which condition became permanent and remains to the present time. The accidental injury causing this trouble in his right knee was not received in the service of the Peerless Sales Company and was not covered by insurance in the State Insurance Fund. The condition of permanent disability in applicant's right knee had no connection with and was not affected by his accidental injury of February 2, 1938."

Upon this evidence and the record and files in the case, the Commission, on April 28, 1944, after reciting its findings and conclusions, made and entered the following order:

"It is therefore ordered, that Peerless Sales Company and/or The State Insurance Fund pay to William Morrison compensation for 125 weeks at the rate of $16.00 per week, begining February 2, 1944, in addition to the temporary total and permanent partial compensation heretofore paid."

The controlling provisions of the Workmen's Compensation Act are Secs. 42-1-61 and 42-1-62, R. S. U. 1933, as amended by Chap. 41, Laws of Utah 1937, and this decision depends upon the construction to be given to the language of these sections:

"42-1-61. *Compensation—Temporary Disability.*

"In case of *temporary disability,* the employee shall receive 60 per cent of his average weekly wages *so long as such disability is total,* not to exceed a maximum of $16 per week, plus 5 per cent of the amount of such award for each dependent minor child, as in this act defined, up to and including five minor children, or a maximum increase of 25 per cent in case of five or more minor dependents, and not less than a minimum of $7 per week; provided, that where the wage earned at the time of injury is less than $7 per week, the amount of wages earned shall be the amount of compensation to be paid. *In no case shall such compensation continue for more than six years from the date of the injury or exceed $5,000 in the case of no minor children, as in this act defined,* or $5,000, plus 5 per cent for each such minor child, up to a maximum of five minor children *and a maximum payment of $6,250.*

"42-1-62. Id. *Partial Disability.*

"Where the injury causes *partial disability* for work, the employee shall receive, *during such disability and for a period of not to exceed six years,* beginning on the fourth day of disability, a weekly compen-

sation equal to 60 per cent of the difference between his average weekly wages before the accident and the weekly wages he is able to earn thereafter, but not more than $16 per week, and in addition thereto 5 per cent of the amount of the award for each dependent minor child, as in this act defined, up to and including five, or a maximum of $20 per week in the case of five or more dependent minor children, as in this act defined.

"In case the partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation.

"In no case shall the weekly payments continue after the disability ends, or the death of the injured person.

*"In the case of the following injuries* the compensation shall be 60 per cent of the average weekly wages, but not more than $16 per week, plus 5 per cent of such award for each dependent minor child, as in this act defined, up to a maximum of five dependent minor children, as in this act defined, or $20 per week to be paid weekly for the periods stated against such injuries respectively, *and shall be in addition to the compensation hereinbefore provided for temporary total disability,* to wit:

*     *     *     *     *

*"One leg at or above the knee* where stump remains sufficient to permit the use of an artificial limb ........ 150 weeks.

*     *     *     *     *

*"In the above cases permanent and complete loss of use shall be deemed equivalent to loss of the member or part thereof.*

*     *     *     *     *

"For any other disfigurement or the loss of bodily function not otherwise provided for herein, such period of compensation as the commission shall deem equitable and in proportion to compensation in other cases, not exceeding two hundred weeks.

*"The amount specified in this section are all subject to the limitations as to the maximum weekly amount payable as specified in this section, and in no event shall more than a total of $6,250 be required to be paid."* (Italics added.)

Plaintiff State Insurance Fund made timely application for a rehearing before the Commission, which was denied. In this application, plaintiff strenuously contended that in making its order dated February 28, 1944, the Commis-

sion apparently overlooked the provisions found in the last paragraph of Sec. 42-1-62, supra, which were in effect in the year 1938 and which are still in force at the present time, and in support of its contention calls attention to the following facts and argument:

"The State Insurance Fund has paid to William Morrison, the Applicant, a total amount of $4,966.86 as compensation (in addition to medical and hospital expenses). If the State Insurance Fund were required to pay an additional 125 weeks compensation at the rate of $16.00 per week (which is an additional $2,000.00), this amount added to what has already been paid would require a total of $6,966.86, which considerably exceeds the $6,250.00 limitation above mentioned."

With the stipulation of facts, the Commission's order, the contention of plaintiffs urged for a rehearing, and the pertinent parts of the applicable statutes before us, it seems only necessary to carefully consider and apply the language of the Workmen's Compensation Act. It will be observed that Sec. 42-1-61, supra, provides for compensation in case of "temporary disability * * * so long as such disability is total" and limits such compensation to maximum payments of $16 per week to continue for not more than six years from the date of injury and not to exceed $5,000 in the case of no minor children, which latter is the situation in the instant case. Plaintiffs concede that $4,966.86 has been paid to Morrison which includes twenty-five weeks' compensation at $16 a week for permanent partial disability from August 12, 1943, to and including February 1, 1944. The date of the injury is February 2, 1938. Six years from that date elapsed February 2, 1944, and the amount paid to the latter date is less than the limit of $5,000 provided. The limitations of this section relating to temporary total disability have not, therefore, been exceeded.

It will be further observed that Sec. 42-1-62, supra, relates to *partial disability* and, insofor as its provisions affect the case at bar, it is provided that *"In the case of the following injuries,"* to wit, the loss of "One leg at or above

the knee * * * ...... 150 weeks" compensation at $16.00 a week, under the circumstances of this case, and that in such case and other specified cases, "permanent and complete loss of use shall be deemed equivalent to loss of the member or part thereof," and that such compensation *"shall be in addition to the compensation hereinbefore provided for temporary total disability."* The section concludes with the provision that "The amounts specified in *this* section are all subject to the limitations as to the maximum weekly amount payable as specified in *this* section, and in no event shall more than a total of $6,250 be required to be paid." *"This section"* relates to Sec. 42-1-62 and not to Sec. 42-1-61.

It becomes apparent, therefore, that following the accident which occurred to Morrison, the doctors determined that he was suffering from synovitis or inflammation of the synovial membrane of the left knee, for which he was given medical treatment and hospitalization from time to time until August 11, 1943, on which date it was determined that the injury to the knee had developed into ankylosis or a complete stiffening and loss of use of the left knee, and his disability was determined as of that date to be *permanent partial,* thus ending the period of *temporary total disability.* He had been paid compensation at the rate of $16 a week from February 20, 1938, to August 11, 1943, during this period of temporary total disability, or the period in which efforts were being made to restore the function of his left knee and during which time he was totally disabled from performing any work. This compensation was clearly paid under the provisions of Sec. 42-1-61, supra. Now, when his disability became fixed and certain, under the circumstances stated, the payment of compensation fell under the provisions of Sec. 42-1-62, supra, for the specified loss of the use of a member of his body. Twenty-five weeks' compensation under this permanent partial disability had been paid at the time the State Insurance Fund ceased making payments, to wit,

February 1, 1944; hence the order of the Commission is proper directing plaintiffs to pay to Morrison 125 weeks' compensation for such *permanent partial disability "in addition to the compensation"* already paid him for *temporary total disability. Spring Canyon Coal Co. v. Ind. Comm.*, 57 Utah 208, 193 P. 821, and particularly the later case of the same title in 60 Utah 553, 210 P. 611; *Continental Cas. Co. v. Ind. Comm.*, 70 Utah 354, at page 364, 260 P. 279; and see cases collected in 88 A. L. R., commencing at page 385.

If, in sustaining the order of the Commission, we are confronted with statutory difficulties, they are found in Sec. 42-1-62, supra, which deals with partial disability and provides specific awards for loss of members of the body. The statute clearly provides that in case partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation.

To this point, compensation for temporary total and partial disability is limited, as applicable to this case, to a period not to exceed six years and not to exceed the sum of $5,000. Then follows a provision which calls for special attention: "In the case of the following injuries the compensation shall be" not to exceed $16.00 a week for a specified number of weeks *"and shall be in addition to the compensation hereinbefore provided for temporary total disability."*

The wording of this provision is perfectly clear. It means just what it says. Refusal to allow compensation for loss of an arm or leg or other member of the body, as provided, in addition to temporary total disability, would in many cases make this provision useless.

We think that Sec. 42-1-62, supra, read in connection with the preceding section, discloses that an employee entitled to compensation may be entitled to compensation for six years at $16. a week, or a larger weekly payment in case of minor children. This may be awarded for temporary total disability, or such an award may be made

for temporary total and partial disability or for partial disability and loss of a leg or arm or other member, or as in the case at bar where the injured employee may be awarded compensation for the loss of a leg *in addition* to compensation for temporary total disability which might have run six years.

It should be remembered that the provisions found in Sec. 42-1-62, supra, and appearing under the same section number in U. C. A. 1943, which grant compensation for loss of a member, etc., *in addition* to that provided for temporary total disability, is an amendment to the original act. See the opinion of Mr. Justice Thurman in *Spring Canyon Coal Co.* v. *Ind. Comm.*, supra.

The amendment was made in 1919 after the act had been under observation. We think it was made to supplement compensation provisions where loss of limb or eye might prove more expensive and entail greater suffering than the original injury, and certainly to compensate in cases where the loss might be more difficult to accept than death itself.

The order of the Commission is affirmed.

LARSON and WADE, JJ., concur.

WOLFE, Chief Justice (dissenting).

I dissent. I wish the law might be as held in the opinion but it is not so. To hold it so is judicially legislating.

Section 42-1-61 deals with temporary total disability. It provides for a weekly maximum and a maximum for a total amount payable depending on the number of dependent minor children. The greatest amount which can be paid for temporary total disability is $6,250.

Sec. 42-1-63 provides for permanent total disability until the disability ends by death.

Sec. 42-1-62 first specifies the weekly compensation for temporary partial disability. It then provides that in no case shall this disability be paid after the death of the injured person. Then follows in Sec. 42-1-62 a schedule of

payment for certain named permanent partial disabilities. The greatest of the total payments is $20 for 200 weeks or $4,000. It would seem, therefore, that the maximum of $6,250 contained in the clause in the last paragraph of the section reading "and in no event shall more than a total of $6,250 be required to be paid" would be useless as far as the schedule is concerned because $4,000 is already the maximum fixed. What then is its office? Does it limit the amount which may be paid for temporary partial? That is limited by the first paragraph of the section to a maxium of $20 a week for six years or $6,250. Hence the clause above quoted would seem to be a maximum for the total period of total disability *and* partial disability which follows it—whether temporary partial or permanent partial. And this is borne out by that part of Sec. 42-1-62 reading, "In case the partial disability begins after a period of total disability, the period of total disability shall be deducted from *the total period* of compensation." (Italics added.) "Total period of compensation" cannot mean the addition of the period of total disability plus partial disability because that would mean adding the period of total disability just to take it off. "The total period of compensation" must mean the six year period. Therefore, that part of the period of six years not taken up by "total disability" is alone left for the payment of any partial disability occurring after total disability and I do not think "partial disability" as therein used applies only to temporary partial although it might be given that complexion from the first paragraph of Sec. 42-1-63. But even if this liberality of construction were indulged we cannot hurdle the express limitation contained in the last line of the section even if we apply that limitation only to Sec. 42-1-62. This is because that very section deals with the combination or succession of temporary total and "partial" disability. Hence, under this very section, the six year period is applicable to the combination unless we arbitrarily construe "partial disability" in that part to read "temporary partial disability." The compensation payments named in the schedule and for other

bodily loss or disfigurement for permanent partial disability "shall be in addition to the compensation hereinbefore provided for temporary total disability," but the ceiling is fixed for *this* section for the sum of both disabilities as $6,250, being the most that can be paid for a period of six years. We should note that the total of compensation generally is based on a six year period. That is the full period under Sec. 42-1-62. And even in case death from the injury follows a period of temporary or permanent total or temporary partial disability within three years of the injury or is caused by the injury within three years whether or not preceded by a period of temporary or permanent total or partial disability the period is six years *from* the *date* of the *injury*. See Sec. 42-1-64, paragraphs 2, 3 and 4. Only in the case of total permanent disability (42-1-63) is the period extended beyond six years.

I appreciate the argument that the compensation with a weekly limit of $16 or at the most $20 a week is out of line with present wages and with the size of verdicts and settlements now being had in injury cases. And as one who had a considerable part in the education for and the drafting of this piece of legislation I do not need to be converted to construing the law liberally. But I cannot construe contrary to what I conceive to be the plain intent of the Legislature. That makes us a Legislature for the purpose of amending the statute. I do not think this is a case where there can be a reasonable difference of opinion as to where the line lies between interpretation and legislation as in the case of *Johanson* v. *Cudahy Packing Company*, 107 Utah 114, 152 P. 2d 98.

McDONOUGH, J., dissents for the reason stated in the opinion of Mr. Chief Justice WOLFE.